**Max POTTASH, Appellant, v. David BURNET, Commissioner of Internal Revenue, Appellee.**

**No. 5083.**

Court of Appeals of District of Columbia.

Argued April 9, 1931.

Decided May 4, 1931.

Geo. E. H. Goodner, of Washington, D. C., for appellant.

G. A. Youngquist, Asst. Atty. Gen., and Sewall Key, Morton K. Rothschild, C. M. Charest, and Shelby S. Faulkner, all of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB, VAN ORSDEL, HITZ, and GRONER, Associate Justices.

GRONER, Associate Justice.

The rights of the taxpayer under this appeal are controlled by our decision in case No. 5082, 60 App. D. C. 167, 50 F.(2d) 317. Taxpayer is a partner in the firm of Pottash Bros. holding a 50 per cent. interest therein. To the extent that our decision in No. 5082 modifies the findings of the Board in that case, the taxpayer is entitled, to the extent of his interest in the income from the partnership, to prevail on this appeal. His tax liability should therefore be recomputed in conformity with our decision as to the correct income of Pottash Bros. for 1917 as decided in No. 5082.

Modified and affirmed, and remanded for further proceedings.

**Harry POTTASH, Appellant, v. David BURNET, Commissioner of Internal Revenue, Appellee.**

**No. 5084.**

Court of Appeals of District of Columbia.

Argued April 9, 1931.

Decided May 4, 1931.

Geo. E. H. Goodner, of Washington, D. C., for appellant.

G. A. Youngquist, Asst. Atty. Gen., and Sewall Key, Morton K. Rothschild, C. M. Charest, and Shelby S. Faulkner, all of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB, VAN ORSDEL, HITZ, and GRONER, Associate Justices.

GRONER, Associate Justice.

The rights of the taxpayer under this appeal are controlled by our decision in case No. 5082, 60 App. D. C. ——, 50 F.(2d) 317. Taxpayer is a partner in the firm of Pottash Bros. holding a 50 per cent. interest therein. To the extent that our decision in No. 5082 modifies the findings of the Board in that case, the taxpayer is entitled, to the extent of his interest in the income from the partnership, to prevail on this appeal. His tax liability should therefore be recomputed in conformity with our decision as to the correct income of Pottash Bros. for 1917 as decided in No. 5082.

Modified and affirmed, and remanded for further proceedings.